Beatrice K. Cass, J.
The instant action is one to secure reimbursement of the plaintiff in the amount of $1,144.09, which plaintiff was required to pay as compensation payments and medical expenses, pursuant to an award of the Workmen’s Compensation Board to one, Michael Cerussi, because of an injury sustained by him in the course of his employment by the defendant, Cerussi Marble & Tile Co., Inc., on April 22, 1957.
For many years, the said defendant has been continuously covered under annual policies of workmen’s compensation insurance. Beginning in 1955, and continuing thereafter to the extent hereinafter stated, each of the annual policies contained an indorsement purportedly excluding said Michael Cerussi from coverage therefrom, and providing further that the defendant would indemnify and hold plaintiff harmless from any loss because of any claim arising from injuries to said Michael Cerussi.
The basis for the issuance of such indorsement in the first instance resulted from information disclosed during a payroll audit of defendant’s books by an employee of plaintiff, to the effect that Michael Cerussi had retired, was no longer on defendant’s payroll, and that his occasional presence on the defendant’s premises was purely in an advisory capacity. A report containing such information was accordingly made by the payroll auditor and submitted to plaintiff. Thereafter, the afore-mentioned exclusion indorsement was issued by plaintiff, amending the workmen’s compensation policy then in effect. Subsequent renewals of such policy carried the same indorsement.
*659 Early in 1957, Michael Cerussi returned to work for the defendant, and was placed upon its payroll. It is the court’s recollection that during cross-examination of plaintiff’s witness Pearlstein, the witness was asked whether Michael Cerussi returned to work prior to April 22, 1957 and that he answered, “ Yes, on March 22,1957.” Furthermore, implicit in the award made by the Workmen’s Compensation Board was the finding that Michael Cerussi was an employee on April 22, 1957 and received wages.
Defendant did not advise plaintiff with regard to Michael Cerussi’s return to work. The court recalls that during further cross-examination of plaintiff’s witness Pearlstein, the witness was asked whether it was customary for assureds to report to his department the hiring or discharge of employees and that his answer was, “ No.” There further appears to be nothing in the exclusion indorsement hereinbefore referred to, to the effect that defendant is under an obligation to notify the plaintiff of a rehiring of a named employee.
A month or so after his return to work, Michael Cerussi suffered an injury during the course of his employment and made a claim for compensation benefits. It would appear that with the making of such claim, plaintiff first become apprised of the fact of Michael Cerussi’s return to work and shortly thereafter issued a new indorsement to the policy, nullifying the effect of the exclusion indorsement as of a date subsequent to the date of claimant’s injury. In due course, the compensation claim was allowed and plaintiff made payments thereon totaling $1,144.09 to the date of the institution of this action.
Plaintiff by this action seeks to recover from the defendant the amount of such payments by virtue of the indemnification provision of the exclusion indorsement forming part of the policy in effect at the time the compensation claim came into being.
A reading of such exclusion indorsement, together with the payroll auditor’s report, and a consideration of all the attendant circumstances, make it evident that it was the intention of the parties to apply such exclusion indorsement to the status of Michael Cerussi then prevailing, i.e., that of an occasional visitor to defendant’s place of business without being actually employed therein. His subsequent rehiring and placement upon defendant’s payroll removed the basis upon which the exclusion indorsement rested, and suspended the effectiveness thereof during the course of his actual employment. In this connection, it is significant that plaintiff, itself, cancelled such exclusion *660 indorsement when Michael Cerussi’s re-employment became known.
The exclusion indorsement should not be given any broader scope than the purpose for which it was originally issued.
Judgment is accordingly granted to defendant, without prejudice to plaintiff’s right to recover for such premium charges as it may be entitled to receive based upon the wages paid to Michael Cerussi by the defendant.